ALDRIDGE PITE, LLP
SHAWN MILLER (Bar #7825)
EDDIE R. JIMENEZ (Bar #10376)
9205 West Russell Road
Building 3, Suite 240
Las Vegas, NV 89148
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
E-mail:  ecfnvb@aldridgepite.com

MAILING ADDRESS:
3333 Camino del Rio South, Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for   Secured Creditor U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR
GSAA HOME EQUITY TRUST 2006-14, ASSET-
BACKED CERTIFICATES, SERIES 2006-14

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re<br><br>TODD A. SOLBY,<br><br><br>Debtor. | Bankruptcy Case No. 26-10883-nmc<br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>DATE:        April 23, 2026<br>TIME:         1:30 PM |

U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-14, Asset-Backed Certificates, Series 2006-14[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, TODD A. SOLBY (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

## I.        INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -                                      CASE NO. 26-10883-nmc
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Plan as it fails to properly provide for Creditor's. Specifically, Debtor's Plan has underestimated the outstanding prepetition arrears and fails to provide for a cure of Creditor's pre-petition claim in full. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

## II.    STATEMENT OF FACTS

1.    Creditor's claim is evidenced by a promissory note executed by Debtor and dated May 24, 2006, in the original principal sum of $244,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

2.    The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 5604 Grand Guiness Court, Las Vegas, NV 89130 (the "Subject Property").  A copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein by reference.

3.    Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See Exhibit A.

4.    The Debtor entered into an agreement to modify the loan effective November 1, 2018. A copy of the Loan Modification Agreement is attached hereto as Exhibit C and incorporated herein by reference.

5.    On February 11, 2026, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, and was assigned case number 26-10883-nmc.

6.    On February 11, 2026, the Debtor filed his Chapter 13 Plan (the "Plan")  providing for monthly payments to the Trustee in the total amount of $2,055.00, for thirty-six (36) months.

7.     Debtor proposed treatment of Creditor' claim is for ongoing postpetition conduit payments in the amount of $1500.00 to maintain the loan plus a cure of prepetition arrears in the amount of $9,000.  See Plan, Sections 4.1 and 4.2.

8.    Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $328,492.48 and that its pre-petition

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

arrearage claim is in the approximate amount of $65,062.91.

9.    The Debtor's plan payments are insufficient to cure Creditor's claim in full. Accordingly, plan confirmation should be denied.

## ARGUMENT

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim.  See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears.  Creditor's claim for pre-petition arrears is estimated in the total amount of $65,062.91.  However, the Debtor's Chapter 13 Plan provides for the cure of only $9,000.00.  As the Debtor's Plan fails to provide for a full cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**2.    Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

the plan. Creditor's secured claim consists of $65,062.91 in pre-petition arrears, however, Debtor's Plan provides for the cure of only $9,000.00 in arrears. Debtor will have to increase their monthly payment through the Chapter 13 Plan to Creditor to approximately $1,557.30 per month ($65,063.91 - $9,000 / 36 months) in order to cure Creditor's pre-petition arrears over a period not to exceed 36 months as proposed.  Even if the Plan was extended to sixty (60) months, the amount of the plan payment would have to increase by an estimated $1,005.17 per month ($3,570 IRS + $90,000 conduit + $65,062.91 arrears + $6,297 attorney fees + estimated 10% Trustee fee of $18,500 / 60 less the current plan payment of $2,055) per month. As the Debtor's Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

### 3.     Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.

11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that his Chapter 13 Plan is feasible.

WHEREFORE, Creditor respectfully request that confirmation of the Debtor's Chapter 13 Plan be denied and for such other and further relief as this Court deems just and proper.

Dated: March 2, 2026

/s/ Shawn Miller
Shawn Miller (SBN 7835)
3333 Camino del Rio South, Suite 225
San Diego CA 92108
Attorney for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-14, ASSET-BACKED CERTIFICATES, SERIES 2006-14

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

CASE NO. 26-10883-nmc

CERTIFICATE OF SERVICE BY MAIL

I, Brandy Diaz, am an employee of Aldridge Pite LLCand I am over the age of eighteen (18) years, and not a party to the within action. My business address is 3333 Camino del Rio South, Suite 225  San Diego, CA 92108 .

I caused the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served by electronic means through the court's CM/ECF system or by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

SEE ATTACHED SERVICE LIST

Dated:  March 2, 2026                    /s/ Brandy Diaz

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

## SERVICE LIST

**DEBTOR(S)**
**(VIA US MAIL)**

Todd A. Solby
5604 Grand Guiness Ct
Las Vegas, NV 89130

**DEBTOR(S) ATTORNEY**
**(VIA ELECTRONIC MAIL)**

George Haines
ghaines@freedomlegalteam.com

**CHAPTER 13 TRUSTEE**
**(VIA ELECTRONIC MAIL)**

Kathleen A. Leavitt
courtsecf3@las13.com

**U.S. TRUSTEE**
**(VIA ELECTRONIC MAIL)**

US Trustee
USTPRegion17.LV.ECF@usdoj.gov