STEELE, LLP
Edgar C. Smith, Esq., Bar No.: 5506
3571 Red Rock Street
Las Vegas, NV 89103
Phone (949) 222-1161
Facsimile: (949) 221-9500
Email: esmith@steelellp.com
Attorney for Secured Creditor *Real Time Resolutions, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>TODD A. SOLBY,<br><br>Debtor(s). | Case No.: 26-10883-nmc<br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN 3**<br><br><u>Hearing</u><br>Date: 10/29/2026<br>Time: 1:30pm |

**COMES NOW**, secured creditor Real Time Resolutions, Inc. ("RTR" or "Secured Creditor"), by and through its attorney of record, Edgar C. Smith, Esq. of STEELE, LLP, and hereby submits this *OBJECTION TO CONFIRMATION OF AMENDED CHPATER 13 PLAN 3* ("Objection") and provides the following objections to confirmation of the chapter 13 plan proposed by Todd A. Solby ("Debtor"). RTR respectfully requests the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for any treatment of the Secured Creditor's claim.

## I. <u>STATEMENT OF FACTS</u>

1. RTR holds a junior secured claim against real property commonly known as 5604 Grand Guiness Court, Las Vegas, NV 89130, APN: 125-26-810-019 ("Property") as evidenced by its proof of claim on file with the court. *See* Claim No. 1.

2. According to the Debtor's voluntary petition the Property is the Debtors' principal residence. [ECF Doc No. 1].

3. At the time of the bankruptcy filing, RTR's claim was in the approximate amount of $23,066.69; which consists of a principal amount owed of $14,175.25, and interest accrued of $8,891.44.

4. An "equity cushion" exists according to the Debtor's own admission as evidenced by the Debtor's schedules, which suggests that approximately $290,000 exists in equity after payment of the first deed of trust held by *U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-14, ASSET-BACKED CERTIFICATES, SERIES 2006-14*. *Id*.

5. Debtor also fails to acknowledge RTR's security interest in the Property by not listing the debt under Schedule D and has not filed any amended schedules.

6. The Amended Plan 3 attempts to circumvent a substantive or formal objection to Secured Creditor's claim by including additional and conditional language in Section 9.2 of the plan. Secured Creditor does not agree to this provisional language. [ECF Doc No. 42].

## II. ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. (*In re Warren*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988)).

"A chapter 13 creditor enjoys additional protection if the collateral securing its claim is the debtor's primary residence." (*In re Okosisi* 451 B.R. 90 (2011) at 93). 11 U.S.C § 1322(b)(2) provides, in relevant part that; "the plan may--modify the rights of holders of secured claims, **other than a claim secured only by a security interest in real property that is the debtor's principal residence**[.]" (Emphasis added.) If any portion of the second mortgage is secured by equity, the claim is a secured claim and is protected from modification of the creditor's rights.

11 U.S.C. section 506(a) provides that "an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."

Furthermore, because the Subject Property is the Debtor's principal residence, and has equity beyond the senior lien claim, § 1322(b)(2) prohibits the Debtor from using section 506(a)

to reduce Secured Creditor's secured claim. (*Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993)). As equity beyond the senior lien claim exists, Secured Creditor is not subject to avoidance under Section 506(d), and Debtor's Chapter 13 Plan cannot be confirmed as proposed.

WHEREFORE, Secured Creditor respectfully requests:

i. That confirmation of the Debtor's Chapter 13 Plan be denied; and

ii. For such other and further relief as this Court deems just and proper.

DATED: October 13, 2026

Respectfully submitted,

STEELE, LLP
By: __*/s/ Edgar C. Smith, Esq.*__
Edgar C. Smith, Esq.
Counsel for *Real Time Resolutions, Inc.*